IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. JFM-05-061 |
| | * | Civil No. JFM-09-344 |
| | * | |
| NAKIE HARRIS | * | |
| | ***** | |

MEMORANDUM

Nakie Harris has filed this motion under 28 U.S.C. §2255.   The motion will be denied.[1]

As an initial matter, Harris' motion is untimely.   Harris filed his original petition on February 12,

2009.   This filing was within the one year statute of limitations set forth in 28 U.S.C. §2255.

Harris requested time to file a supplemental petition, and this court ordered that he do so on or

before June 9, 2009.   This June 9th deadline was outside the one year limitations period, and

arguably this court did not have the authority to extend the deadline Harris requests.   In any event,

Harris did not file his supplemental petition, setting forth the specific allegations upon which he

motion was based, until June 16, 2009, both after the June 9th deadline set by this court and outside

of the one year limitations period.

Moreover, even if Harris' motion was timely, it is entirely without merit.   Harris alleges

that his counsel, Randolph Gregory (who is now deceased) was ineffective in several respects.

However, he has alleged no facts to demonstrate that Gregory's representation fell below "an

objective standard of reasonableness," *see Strickland v. Washington*, 466 U.S. 658, 687-91 (1984),

or that he was prejudiced in any way by Gregory's alleged sub-par performance.   *Strickland* at

---

[1] Harris has also filed a motion requesting that this court reconsider its order denying a motion to seal filed by Harris.
Harris has provided no specific reasons that "his complete proceeding" be sealed.   Accordingly, his motion to
reconsider will be denied.

694.    Through the prism of his ineffective assistance claim, Harris also challenges this court's decision to allow the government to reopen its case to make a more complete record concerning the manner in which state and local investigations are referred to the Drug Enforcement Administration.    The propriety of this court's ruling on that issue was raised on direct appeal, and Harris is precluded in re-raising it by way of a motion for post-conviction relief.    *See Boeckenhupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

A separate order effecting the rulings made in this memorandum is being entered herewith.


DATE:    <u>9/24/2009</u>                      __/s/_____
                                             J. Frederick Motz
                                             United States District Judge